1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HANK ZABALA,

    *Plaintiff*,

vs.

MIKE HALEY*, et al.*

    *Defendants*.

2:13-cv-00393-PMP-PAL

ORDER

This *pro se* civil rights suit by a former local detainee now in state custody comes before the Court on Plaintiff's two applications (## 1 & 2) to proceed *in forma pauperis* and for initial review of the complaint. The Court finds that Plaintiff is unable to pay a significant initial partial filing fee and therefore will grant the pauper applications subject to the remaining provisions of this order. The Court accordingly turns to screening of the complaint.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual

1    allegations of fact are not assumed to be true in reviewing the complaint.  *Ashcroft v. Iqbal*,

2    556 U.S. 662 (2009).  That is, bare and conclusory assertions that constitute merely formulaic

3    recitations of the elements of a cause of action and that are devoid of further factual

4    enhancement are not accepted as true and do not state a claim for relief.  *Id.*

5         Further, the factual allegations must state a plausible claim for relief, meaning that the

6    well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

7

8         [A] complaint must contain sufficient factual matter,
     accepted as true, to "state a claim to relief that is plausible on its

9    face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127
     S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).]  A claim has facial

10   plausibility when the plaintiff pleads factual content that allows the
     court to draw the reasonable inference that the defendant is liable

11   for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The
     plausibility standard is not akin to a "probability requirement," but

12   it asks for more than a sheer possibility that a defendant has
     acted unlawfully. *Ibid.*  Where a complaint pleads facts that are

13   "merely consistent with" a defendant's liability, it "stops short of
     the line between possibility and plausibility of 'entitlement to

14   relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

15        . . . . [W]here the well-pleaded facts do not permit the court
     to infer more than the mere possibility of misconduct, the

16   complaint has alleged - but it has not "show[n]" - "that the pleader
     is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

17   *Iqbal*, 556 U.S. at 678.

18        Allegations of a *pro se* complainant are held to less stringent standards than formal

19   pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).

20        Plaintiff Hank Zabala alleges that he was placed in disciplinary segregation at the

21   Washoe County Detention Facility (WCDF) as an act of racial bias and discrimination

22   because he is a Mexican-American with tattoos and also in retaliation for his efforts to file

23   grievances.  He raises claims under the First Amendment, under the Equal Protection Clause

24   of the Fourteenth Amendment, and for a denial of procedural due process.  Plaintiff names

25   Washoe County Sheriff Mike Haley and Deputies Balaam, Youngblood, Jenkins, and

26   Christnsen as defendants in their individual and official capacities.  He seeks compensatory

27   and punitive damages along with declaratory relief.

28        / / / /

-2-

1        The specific factual allegations of the complaint states claims under the First

2  Amendment, under the Equal Protection Clause, and for a denial of procedural due process.[1]

3        The allegations of the current complaint, however, do not state a claim upon which

4  relief may be granted against the defendants in their official capacities.  Plaintiff may not

5  pursue an official capacity claim against a municipal government officer absent factual

6  allegations tending to establish that the alleged constitutional violations occurred pursuant to

7  an official policy, custom or practice of the municipality.  *See,e.g., Butler v. Elle*, 281 F.3d

8  1014, 1026 n.9 (9th Cir. 2002); *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d

9  912, 925 (9th Cir. 2001).  The complaint does not contain any such allegations.  The complaint

10  accordingly fails to state a claim against the defendants in their official capacity.

11        The complaint further does not state a claim for relief against Sheriff Haley in his

12  individual capacity.  There is no *respondeat superior* liability under § 1983.  That is, a

13  supervisory official may be held liable in his individual capacity only if he either was personally

14  involved in the constitutional deprivation or a sufficient causal connection existed between his

15  unlawful conduct and the constitutional violation.  *See, e.g., Jackson v. City of Bremerton*, 268

16  F.3d 646, 653 (9th Cir. 2001).  The complaint does not contain any nonconclusory allegations

17  of personal involvement by Sheriff Haley in the constitutional violations that Plaintiff alleges

18  were directly committed by the remaining defendants.

19        / / / /

20

21      [1]The constitutional standards for determining whether a protected liberty interest arises from placement of a pretrial detainee in disciplinary segregation are not necessarily the same as the standards

22  pertaining to convicted prisoners. *Cf. Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 n.3 (9th Cir. 2002); *Carlo v. City of Chino*, 105 F.3d 493, 498-99 & n.1 (9th

23  Cir. 1997).  However, the placement of a pretrial detainee in segregation does not necessarily violate procedural due process in all cases.  *Cf. Martucci v. Johnson*, 944 F.3d 291, 294-95 (6th Cir. 1991).  Under

24  *Bell v. Wolfish*, 441 U.S. 520 (1979), not all restrictions on movement and not all losses of choice and privacy attending pretrial detention violate the Constitution.  441 U.S. at 537.  Rather, the plaintiff must demonstrate

25  that the conditions amount to punishment of the detainee.  He may do this by showing an expressed intent to punish on the part of detention facility officials.  Absent such an expressed intent to punish, the court must

26  determine whether the restriction was imposed for some other legitimate governmental purpose, whether the restriction is rationally connected to that purpose, and whether the restriction appears excessive in relation to

27  that purpose.  441 U.S. at 538-39.  Provisions of state law also potentially may be relevant to the inquiry.  *See Valdez*, 302 F.3d at 1044 n.3.  The specific factual allegations presented in the complaint are sufficient to

28  state a procedural due process claim.

The Court will provide Plaintiff an opportunity to file an amended complaint correcting these deficiencies, to the extent possible.

In filing an amended complaint, Plaintiff should note the following.

First, in the original complaint, Plaintiff presented extensive allegations of fact in the "Nature of the Case" section rather than in the single count presented.  In the "Nature of the Case" portion of the form, Plaintiff instead should give only a brief general overview of the factual basis for the action.  Under the instructions, "[t]his is not the place to provide detailed information about what each defendant did to violate your rights – that should be done in" the counts.  *Instructions*, at 6.  All operative specific allegations of fact should be presented within the count or counts of the complaint.

Second, an amended complaint is a "stand-alone" filing that does not carry forward allegations from the original complaint.  As discussed herein, the complaint, in the main, states viable federal constitutional claims.  Plaintiff therefore should repeat allegations in the amended complaint that state a claim and that he wishes to continue to make.  The amended complaint, again, is a "stand-alone" filing, and Plaintiff should restate all of the factual allegations that he seeks to present in the case.

IT THEREFORE IS ORDERED that Plaintiff's two applications (## 1& 2) to proceed *in forma pauperis* are GRANTED subject to the remaining provisions of this order.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  The

-4-

1  Clerk shall SEND a copy of this order to the Finance Division of the Clerk's Office. **The Clerk**
2  **shall also SEND a copy of this order to the attention of the Chief of Inmate Services for**
3  **the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

4           IT FURTHER IS ORDERED that the Clerk of the Court shall filed the original complaint
5  and that the following claims are DISMISSED without prejudice for failure to state a claim
6  upon which relief may be granted: (a) all claims against all defendants in their official capacity;
7  and (b) the claims against defendant Haley also in his individual capacity, such that all current
8  claims against defendant Haley are dismissed by this order.

9           IT FURTHER IS ORDERED that Plaintiff shall have **thirty (30) days** within which to
10 mail an amended complaint to the Clerk for filing correcting the deficiencies in the original
11 complaint, if possible.  If Plaintiff does not timely mail an amended complaint correcting the
12 deficiencies in the original complaint, the action will proceed forward only on the claims
13 against defendants Balaam, Youngblood, Jenkins, and Christinsen only in their individual
14 capacities.

15          IT FURTHER IS ORDERED that plaintiff shall clearly title any amended complaint filed
16 as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights
17 Complaint" on page 1 in the caption and shall place the docket number,
18 **2:13-cv-00393-PMP-PAL**, above the word "AMENDED" in the space for "Case No."  Under
19 Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference
20 to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are
21 not carried forward in the amended complaint no longer will be before the Court.

22          The Clerk shall SEND Plaintiff with two copies of a blank § 1983 complaint form and
23 one copy of the instructions for same, along with a copy of the original complaint that he
24 submitted.

25          DATED: November 12, 2013.

26

27

28                                                    _____
                                                      PHILIP M. PRO
                                                      United States District Judge