UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HANK ZABALA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>MIKE HALEY, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:13-cv-00393-RFB-PAL<br><br>ORDER<br><br>(Mtn to Appoint Counsel – Dkt. #24)<br>(Mtn to Compel – Dkt. #26) |

　　　　This matter is before the court on Plaintiff Hank Zabala's Motion to Appoint Counsel (Dkt. #24) and Motion to Compel (Dkt. #25). Plaintiff is a prisoner proceeding in this civil rights action pro se and in forma pauperis. The court has considered the Motions, Defendants Sheriff Mike Haley's, Deputy Heather Balaam's, and Deputy Joshua Jenkins' Oppositions (Dkt. ##25, 27).

**I.　　Motion to Appoint Counsel (Dkt. #24).**

　　　　Plaintiff seeks an order appointing counsel to represent him. He asserts that he cannot afford counsel, and his incarceration will greatly limit his ability to litigate this case. In addition, the issues in this case are complex and will require significant research and investigation. He has no access to the law library and limited knowledge of the law. He needs counsel to assist him in responding to and serving discovery and presenting evidence and cross examining witnesses at trial. Plaintiff has attached correspondence between him and the law librarian in which the librarian explains various procedural matters to Plaintiff.

　　　　Defendants oppose the motion, asserting that Plaintiff has already had an earlier Motion to Appoint Counsel (Dkt. #15) denied by the court, and Plaintiff has not established he is entitled to appointed counsel.

/ / /

The court has already denied Plaintiff's previous Motion to Appoint Counsel. *See* Order (Dkt. #25). Plaintiff has not provided any new reason or changed circumstances to appoint counsel. The court fully appreciates it is difficult for a lay person to represent themselves, and why Plaintiff would like counsel. However, Plaintiff as the court previously explained, Plaintiff is not entitled to appointment of counsel in the absence of extraordinary circumstances. Making repeated requests for the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 439 (9th Cir. 1992, *cert. denied*, 508 U.S. 908 (1993) (citing *Townsend v. Holman Consulting Corp.,* 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)). In *Nugget,* the Ninth Circuit upheld the trial court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first. Plaintiff is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions. For the reasons set forth in the court's previous Order (Dkt. #17), Plaintiff's Motion to Appoint Counsel is denied.

**II.    Motion to Compel (Dkt. #26).**

Plaintiff seeks an order compelling Defendants to provide him the following: (a) records documenting Deputy Evans' excessive use of force on inmates; (b) records documenting Plaintiff was denied visitation between August 2011 and July 2012 from Jennifer Lopez, Alexis Lauren Holmes, and Camille Jones; (c) Plaintiff's statements and reports of excessive force filed in January 2011 against Evans, including photographs and video recordings; (d) all evidence that Plaintiff was a "shot caller" while detained in the Washoe County Sheriff's Office; and (e) all grievances Plaintiff submitted to Defendant Haley while in disciplinary segregation. Plaintiff asserts he requested these documents from Defendants, but they have not produced them.

Citing Nevada Rule of Civil Procedure 37, Defendants respond that Plaintiff has not met and conferred before filing the Motion to Compel. Therefore, the motion should be denied. Defendants do not address the substance of Plaintiff's motion. Instead, they represent that

1  defense counsel "will attempt within a reasonable time to arrange a telephonic conference with
2  Plaintiff" to discuss the matter.
3      Local Rule 26-7(b) provides that discovery motions will not be considered unless a
4  statement of the movant is attached certifying that after personal consultation and sincere effort
5  to do so, the parties were unable to resolve the discovery dispute without court intervention. *See*
6  LR 26-7(b).  Plaintiff has not complied with this rule.  In addition, it appears defense counsel has
7  now attempted to resolve this matter with Plaintiff.  The court expects defense counsel to comply
8  with its discovery obligations without the necessity of further motion practice and to work with
9  Plaintiff in a good faith effort to provide him with information discoverable within the meaning
10 of Fed. R. Civ. P. 26(b)(1).
11     Accordingly,
12 **IT IS ORDERED:**
13     1.  Plaintiff's Motion to Appoint Counsel (Dkt. #24) is DENIED.
14     2.  Plaintiff's Motion to Compel (Dkt. #26) is DENIED WITHOUT PREJUDICE.
15 Dated this 21st day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE