UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HANK ZABALA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>MIKE HALEY, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:13-cv-00393-RFB-PAL<br><br>ORDER<br><br>(Rqst Prod Docs – Dkt. #37) |

　　　　Before the court is Plaintiff's Request for Production of Documents – Government Personnel/Inmates Files, Minutes, Statistics, and/or Records and Regulations (Dkt. #37) which the clerk of the court docketed as a motion for production of documents.

　　　　Plaintiff is a prisoner proceeding in this civil rights action pro se and in forma pauperis. In a prior Order (Dkt. #33) the court denied Plaintiff's motion to compel Defendants to provide him records because Plaintiff had not complied with his obligations to meet and confer with the Defendants in a good-faith effort to resolve the dispute without the court's intervention.  Defense counsel responded to the motion representing that the Defendants would attempt to arrange a telephone conference with the Plaintiff to discuss the matter in a reasonable period of time.  The order indicated that the court expected defense counsel to comply with its discovery obligations without the necessity for the motion practice and to work with Plaintiff in a good-faith effort to provide him with information discoverable within the meaning of Fed. R. Civ. P. 26(b)(1).

　　　　The Plaintiff's current request for production of documents was filed and served on the Defendants.  A certificate of service indicates that the requests were served by mail February 23, 2015, by mailing the request to this court.  LR 26-8 provides that written discovery requests and responses "shall not be filed with the Court."  A party is required to serve opposing counsel with discovery requests.  *See* Fed. R. Civ. P. 5(a)(1)(C) and Rule 5(b).  Defense counsel received

1

1 electronic service of the document through the court's CM/ECF system.  If the Plaintiff's
2 discovery requests had been timely served, the court could have exercised its discretion to treat
3 electronic service on the Defendants as appropriate notice and directed that Defendants respond.
4 However, these discovery requests were served long after the close of discovery which expired
5 November 28, 2014, pursuant to the court's Discovery Plan and Scheduling Order (Dkt. #22).
6 The Defendants have now timely filed a motion for summary judgment which is fully briefed
7 and under submission to the district judge.  Allowing Plaintiff to serve additional discovery
8 requests long after the close of discovery would require reopening discovery and would disrupt
9 the orderly disposition of this case.

Violations of Rule 16 scheduling orders are neither technical nor trivial.  *Martin Family Trust v. Heco-Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D. Ca. 1999).  Rule 16 is critical to the court's management of its docket and prevents unnecessary delays in adjudicating cases.  *Id*.  The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted).  Disregard of a court order undermines the court's ability to control its docket and rewards the indolent and cavalier.  *Id*.

Accordingly,

**IT IS ORDERED** that Plaintiff's Request (Dkt. #37) is **DENIED.**

DATED this 13th day of March, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE